# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHARLES WESLEY O'BERRY,**

    Plaintiff,

vs.                                    Case No. 4:05cv229-WS/WCS

**MONICA DAVID, et al.,**

    Defendants.

_____/

## O R D E R

Plaintiff, a *pro se* inmate, filed a civil rights complaint, doc. 1, on July 5, 2005, and because he only submitted $150.00 for the filing fee, was directed to pay the $100.00 balance. Doc. 3. The balance of the filing fee was received by the Clerk on August 17, 2005. Doc. 5.

Plaintiff has subsequently filed a request for status, doc. 6 on August 17th, and another similar request, doc. 7, on August 29, 2005. Plaintiff's requests are granted and Plaintiff is advised that due to the number of cases filed in this Court, there is an inevitable period of delay. Nevertheless, having now paid the filing fee, the complaint is ready to be reviewed as is required by 28 U.S.C. § 1915a.

Plaintiff has filed this civil rights action challenging the delay between parole hearings.  There are several problems with this complaint that must be corrected by Plaintiff before this case can proceed.

Plaintiff has named James Crosby as a Defendant in this case.  Defendant Crosby, however, is unconnected with the activities of the Parole Commission as that is a separate agency.  There is no basis for claims against this Defendant and Plaintiff should submit an amended complaint which omits his claims against Defendant Crosby.

It appears from Plaintiff's listing of other actions filed that he is currently litigating this same issue in state court.  Doc. 1.  It appears that Plaintiff first filed a case in state court on or about December 27, 2004, and that case is still pending.  Doc. 1, p. 10.  Plaintiff should be aware that a plaintiff may not simultaneously litigate the same facts and issues in both state court and federal court.  Plaintiff shall provide this Court with a copy of the petition or complaint he filed in state court so that the Court can clearly determine what claims and facts Plaintiff is litigating in state court.  If it is determined that Plaintiff is making the same challenges in the state case as he makes in the case at bar, then it is questionable that Plaintiff could proceed here.  The abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), "allows a federal court to dismiss a case when a concurrent state proceeding provides a more appropriate forum."  TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998).  Thus, if Plaintiff has an action pending in state court, it could be a bar to proceedings concerning the same matter in federal court.  Colorado River, at 817, 96 S. Ct. at 1246, *citing* McClelland v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 505, 54 L. Ed. 762 (1910).  Plaintiff must, accordingly,

provide a copy of the petition or complaint he is currently litigatin in state court so that the Court may determine if abstention by this Court is required. Alternatively, Plaintiff may choose to file a notice of voluntary dismissal under FED. R. CIV. P. 41(a) and continue with his state court litigation.[1]

Accordingly, it is

**ORDERED:**

1. Plaintiff's request for status, doc. 6, is **GRANTED** as explained within this order.

2. Plaintiff's second request for the status of this case, doc. 7, is similarly **GRANTED**.

3. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file an amended complaint in its entirety if desired.

4. Plaintiff shall have until **October 4, 2005,** to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

5. Alternatively, Plaintiff may file a notice of voluntary dismissal under FED. R. CIV. P. 41(a) should Plaintiff wish to discontinue this case in light of his on-going state proceeding concerning the same issues.

---

[1] A voluntary dismissal could avoid a § 1915(e) dismissal in this Court which, Plaintiff should be aware of the three strikes bar of 28 U.S.C. § 1915(g). Under that statute, if a prisoner has three or more cases dismissed for the grounds enumerated under § 1915(e)(2)(B), he will be precluded from proceeding *in forma pauperis* in the federal courts.

6.  Should Plaintiff file an amended complaint in this case, Plaintiff must separately file a copy of the complaint or petition upon which his state case is based. This document shall be filed no later than **October 4, 2005**.

7.  **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

8.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or Rule 41(a) notice, or no later than October 4, 2005.

**DONE AND ORDERED** on September 7, 2005.

      **s/   William C. Sherrill, Jr.**
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**